# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ANTHONY BYRD,

          Petitioner,       :      Case No. 2:19-cv-4266

  - vs -                              District Judge James L. Graham
                                       Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,

                                :
          Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner Anthony Byrd with the assistance of counsel, is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 5 and 6), and the Return of Writ (ECF No. 7).

In her Order for an answer (ECF No. 2), Magistrate Judge Vascura set a deadline of twenty-one days after the Return was filed for Petitioner to file a reply. Since the Return was filed December 20, 2019, the reply was due January 10, 2020, but has not been filed.

In the same document, Judge Vascura recommended that Petitioner's Fourth Amendment claim be dismissed as not cognizable in habeas corpus. Petitioner filed no objections to that recommendation and Judge Graham has adopted it (ECF No. 3). No further analysis of that claim is required.

Petitioner's other ground for relief reads as follows:

> **Ground Two**: Byrd's convictions for drug trafficking and drug possession are invalid and in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

1

> **Supporting Facts**: The statutes for which Byrd was charged under R.C.2925.03 and R.C. 2925.11, required that Byrd knowingly possessed drugs and knowingly trafficked in drugs. But the appellate court affirmed Byrd's convictions by improperly retroactively applying a definition of knowingly that did not exist when Byrd was alleged to have committed the offenses. The definition that was used by the appellate court was broader, and contained different analysis, than the definition that actually applied. The evidence failed to show that Byrd acted knowingly under the definition that did apply. That definition is contained in R.C. 2901.22.

(Petition, ECF No. 1, PageID 7).

**Litigation History**

Byrd was indicted on April 24, 2014, by a Franklin County grand jury and charged with one count of possessing marijuana in violation of Ohio Revised Code § 2925.11 and one count of Trafficking in Marijuana, in violation of Ohio Revised Code § 2925.03. (Indictment, State Court Record, ECF No. 5, Ex. 1). After Byrd's motion to suppress was denied, the case was tried to a jury, Byrd was convicted on both counts, and, after the counts were merged, sentenced to eight years imprisonment.

After remand from the Tenth District Court of Appeals to apply the correct legal standard to the motion to suppress, the original entry of conviction was re-entered and Byrd again appealed. The Tenth District found error in the manner in which consecutive sentences were imposed and again remanded. This time Byrd moved for reconsideration which the Tenth District denied. Meanwhile the trial court reimposed the original sentence and Byrd's appeal from that re-sentencing remained pending when the Return was filed. Because the issues in that appeal do not relate to Byrd's habeas claim, the pendency of the appeal does not preclude findi ng of exhaustion of state court remedies.

## Analysis

The Warden first defends on the ground that the Petition raises only a issue of Ohio law, to wit, that the Tenth District Court of Appeals applied the wrong definition of the *mens rea* element of the offenses of conviction when it held there was sufficient evidence for conviction (Return, ECF No. 7, PageID 1163).

Respondent argues without contradiction that the first time, Byrd raised this issue in any form was in his Motion for Reconsideration in the Tenth District Court of Appeals (Return, ECF No. 7, PageID 1164). In that Motion he claimed

> [I]t was improper for this Court to even consider whether Byrd could be implicated on his subjective beliefs about what was on the truck lot or on whether he had a conscious purpose to avoid learning about the drugs. This definition of knowingly was incorporated into R.C. 2901.22 through a statutory amendment effective March 23, 2015. The events leading to Byrd's conviction occurred beforehand, on April 14, 2014, however.
>
> R.C. 1.48 requires that statutes be applied prospectively unless they are expressly made retroactive. Here, nothing in the amended R.C. 2901.22 indicates that it is to be applied retroactively.

(Application for Reconsideration, State Court Record, ECF No. 5, PageID 396-97.)

This statement of the claim does not present any constitutional claim at all. Byrd is not arguing that applying the revised definition of "knowingly" is invalid as an ex post facto law. Rather he is arguing that the Ohio General Assembly did not intend for the revised definition to be applied retroactively because the Revised Code provides that new statutes will be applied prospectively unless otherwise indicated. In other words, he is arguing a question of proper statutory interpretation, an Ohio law question.

The Tenth District agreed with Byrd that the new definition was only to be applied

3

prospectively. However it denied his Application for Reconsideration, holding:

> Byrd additionally argues we erred in concluding he knowingly possessed and trafficked in marijuana because we relied on a definition of knowingly contained in R.C. 2901.22(B) that was not effective until March 23, 2015, after the date of the offenses in this case. The current version of R.C. 2901.22(B), which we cited in our decision, provides "[w]hen knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact." By contrast, the prior version of R.C. 2901.22(B), in effect at the time of Byrd's underlying conduct, provides " '[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." Prior R.C. 2901.22(B). Byrd asserts it was obvious error for this court to apply the post-amendment definition of knowingly to Byrd's conduct.
>
> In *State v. Kearns,* 10th Dist. No. 15AP-244, 2016-Ohio-5941, we concluded the proper definition of knowledge to be provided to a jury during instructions is "the definition as it existed at the time of the offense." *Kearns* at 28. However, we declined to find plain error from the trial court providing the post-amendment definition of knowledge because "the evidence presented support[ed] a finding of knowledge beyond a reasonable doubt pursuant to the definition as it existed at the time of the offense." Id. Here, unlike in *Kearns*, the trial court in Byrd's case instructed the jury on the pre-amendment definition of knowledge. Though we cited the current version of R.C. 2901.22(B) in our decision, our review of the sufficiency of the evidence did not depend on the more specific definition of knowledge contained in the current version of R.C. 2901.22(B).
>
> Byrd's argument misconstrues our reference to the current version of R.C. 2901.22(B). Though we included the current statutory definition, we did not, as Byrd ~ asserts, conclude that Byrd knew the contents of the packages because he "purposefully avoided learning the contents with certainty." *Byrd* at 39. When our analysis of the sufficiency of the evidence is read in context and in its entirety, it is clear our conclusion was that there was sufficient evidence to infer that Byrd had knowledge of the contents of the packages because Byrd paid for the rental vehicles, was seen loading the packages in into the rental vehicles, it was late at night, the scene was chaotic, and Byrd worked quickly to move the packages without

> detection. Thus, there was ample sufficient evidence to conclude Byrd had knowledge of the contents of the packages under the prior version of R.C. 2901.22(B), providing "[a] person has knowledge of circumstances when he is aware that such circumstances probably exist."

*State v. Byrd*, Case No 17AP-387 ¶¶ 4-6, (10th Dist. May 22, 2018)(unreported; copy at State Court Record , ECF No. 5, PageID 426-27).  In other words, it found Byrd was right on the statutory interpretation question but wrong in concluding it applied the revised definition to his case.

Byrd sought review by the Supreme Court of Ohio.  In his Memorandum in Support of Jurisdiction, he argued for the first time that applying the revised version of "knowingly" in his case violated both federal and state protections against retroactive legislation (State Court Record, ECF No. 5, Ex. 31).  The Supreme Court declined review.  *Id.* at Ex. 33.

Respondent correctly argues that a defendant cannot preserve a constitutional issue by presenting it for the first time on appeal to the Supreme Court of Ohio because that court will not consider an issue not raised in the appellate court below.  *State v. Phillips*, 27 Ohio St.2d 294 (1971). Where an appeal is taken to the Supreme Court of Ohio, that court will not consider or determine claimed errors which were not raised and preserved in the court of appeals. *Id.,* citing *State ex rel. Babcock v. Perkins,* 165 Ohio St. 185 (1956); see also *State v. Sanders*, 92 Ohio St.3d 245 (2001); *State v. Cole*, 2 Ohio St.3d 112 (1982).

Because Byrd did not fairly present his federal constitutional claim to the Tenth District, he has procedurally defaulted it.

Moreover the claim is without merit.  The Tenth District found that it had not applied the revised definition of "knowingly" to the facts of this case.  It also found, as Byrd conceded, that the trial jury had been correctly instructed in terms of the old, unrevised definition of knowingly which was on the statute books when Byrd committed these drug offenses.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 30, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.